IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUSTAVO SILVA RAMIREZ,

    Petitioner,               No. 2:08-cv-1055 GEB JFM (HC)

    vs.

M.C. KRAMER, Warden,

    Respondent.             FINDINGS AND RECOMMENDATIONS

                         /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court on respondents' motion to dismiss this action as barred by the one year statute of limitations.  See 28 U.S.C. § 2244(d).

        Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

    For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

    1. Petitioner pled no contest to assault with a firearm and admitted a sentencing enhancement. On March 23, 2004, petitioner was sentenced to a determinate state prison term of fourteen years in prison. (Lodged Document No. 1.)[1]

    2. Petitioner filed a timely appeal; on December 1, 2004, the California Court of Appeal, Third Appellate District, affirmed the judgment. (Lodged Document No. 2.)

    3. Petitioner filed a petition for review in the California Supreme Court, Case No. S130535. (Lodged Document No. 3.) The petition for review was denied without prejudice[2] on February 16, 2005. (Lodged Document No. 4.) The Court of Appeal of the State of California issued the remittitur on February 28, 2005. (Lodged Document No. 8.)

/////

---

[1] Unless otherwise stated, all documents identified as Lodged Documents were filed by respondent in this action on July 15, 2008.

[2] The denial was "without prejudice to any relief to which [petitioner] might be entitled after [the California Supreme Court] determines in People v. Black, S126182, and People v. Towne, S125677, the effect of Blakely v. Washington (2004) ___ U.S. ___ 124 S.Ct. 2531 on California law." People v. Ramirez, Case No. S130535, (Cal. February 16, 2005).

4. On November 14, 2007,[3] petitioner filed a petition for writ of habeas corpus in the California Supreme Court, Case No. S158247. (Lodged Document No. 5.) On April 30, 2008, the California Supreme Court denied the petition *en banc* without comment. (Lodged Document No. 6.)

5. On May 13, 2008, petitioner filed the instant federal habeas corpus petition.[4]

A conviction is final for the purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari to the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In the instant case, the California Supreme Court denied review on February 16, 2005. The ninety day period for seeking certiorari ended on May 17, 2005. Thus, the statute of limitations began to run on May 18, 2005, and ran out on May 17, 2006, absent any tolling of the statute. Fed. R. Civ. P. 6(a) (excluding the day on which the period begins to run from the calculation of time).

As a general rule, the limitation period is tolled "while a California petitioner 'complete[s] a full round of [state] collateral review.'" Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003)(quoting Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)). Here, however, petitioner did not commence the state exhaustion process until he filed his first petition for writ of habeas corpus in the California Supreme Court on November 14, 2007, after the statute of limitations period had run on May 17, 2006. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000). Because

---

[3] November 14, 2007 is the date on which petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing. (Lodged Document No. 5.) Under the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[4] May 13, 2008 is deemed the filing date of petitioner's federal habeas corpus petition. See footnote 3, supra.

petitioner failed to file any post-conviction challenges within the statute of limitations period, the limitations period expired on May 17, 2006. Petitioner's filing in federal court, on May 13, 2008, cannot revive a statute of limitations period.

Because the instant petition was filed almost two years too late, the petition is barred by the statute of limitations. Ferguson v. Palmateer, 321 F.3d. 820, 823 (9th Cir. 2003)(dismissing habeas petition where AEDPA statute of limitations period had run before state collateral relief sought).

Petitioner argues he is entitled to a later statute of limitations start date for two reasons. First, he suffered an "unconstitutional impediment within the meaning of 28 U.S.C. § 2244(d)(1)(B)" (Opp'n at 4), on June 20, 2005 when the California Supreme Court in People v. Black, 35 Cal.4th 1238 (2005), found that Blakely v. Washington, 542 U.S. 296 (2004) did not apply to California's Determinative Sentencing Law (DSL). (Opp'n at 4.) Second, there was an intervening change in the law that overruled Black and held that the DSL was constitutionally invalid. Cunningham v. California, 548 U.S. 270 (2007).

A petitioner is entitled to a later statute of limitations start date if an unconstitutional or unlawful state action prevented the filing of a timely petition. 28 U.S.C. § 2244(d)(1)(B). However, "the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Schriro, 499 F.3d 1056, 1060 (9th Cir. 2007). The fact that the California Supreme Court's decision in People v. Black, 35 Cal.4th 1238 (2005), was later overturned by Cunningham v. California, 549 U.S. 270 (2007), did not present such an impediment. Petitioner was free to challenge his conviction through federal habeas proceedings just as Cunningham did.

Under § 2244(d)(1)(C), a petitioner is entitled to a later statute of limitations start date beginning on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). To the extent

petitioner asserts that the limitations period commenced on January 22, 2007, when the United States Supreme Court issued its decision in Cunningham, such claim also fails. The Ninth Circuit Court of Appeals found that in Cunningham, the Supreme Court did not recognize a new constitutional right. Butler v. Curry, 528 F.3d 624, 636-639 (2008).

Petitioner's argument that the subsequent change in state law qualified as a state-created impediment to his timely filing fails as well. See Shannon v. Newland, 410 F.3d 1083 (9th Cir. 2005)( state court's determination of its own substantive law in a way that left petitioner with no meritorious federal claim could not constitute an "impediment" to filing petition, for purpose of extending the limitations period.)

Finally, petitioner contends he is entitled to equitable tolling based on the intervening change in the law as well as an alleged delay in his receipt of the California Supreme Court's order.

Equitable tolling will apply if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)). Petitioner bears the burden of showing that equitable tolling applies. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Equitable tolling is justified in few cases, and "the threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

First, petitioner argues he is entitled to equitable tolling based on an intervening change in the law. (Opp'n at 6, citing Cunningham, supra, and relying on Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008).)[5]  Harris, however, is factually and procedurally distinguishable from the instant action. Harris continued filing state post-conviction petitions relying on Dictado's

---

[5] Harris was granted equitable tolling based on his reliance on Dictado v. Ducharme, 244 F.3d 724 (9th Cir. 2001).

holding that the one-year limitations period was tolled during the pendency of his state post-conviction collateral actions, whether or not subsequent actions were denied as untimely. Harris filed his federal petition within two months after Harris' final state post-conviction collateral action was denied. Meanwhile, the United States Supreme Court issued Pace v. DiGuglielmo, 544 U.S. at 408, 417 (2005)(untimely state post-conviction petitions are not "properly filed" under AEDPA and do not toll the limitations period), overturning Dictado. The Ninth Circuit held that the "critical fact" that supported equitable tolling in Harris was "that Harris relied in good faith on then-binding circuit precedent in making his tactical decision to delay in filing his federal habeas corpus petition." Pace, 515 F.3d at 1055.

Unlike Harris, however, petitioner has not shown that there was an intervening, unanticipated change in the law that allowed for his claim, which would warrant equitable tolling. As noted in Butler, petitioner's claims were not created by Cunningham because that case did not establish a new rule in applying Blakely. In addition, Harris had filed three state post-conviction collateral actions as opposed to petitioner, who opted to file none. The record here reflects petitioner had 30 months of inaction. Thus, petitioner has failed to demonstrate diligence in challenging his conviction and has not demonstrated he made a tactical decision to delay filing his federal habeas corpus petition.

Second, petitioner contends he is eligible for equitable tolling because he did not receive a copy of the California Supreme Court's order denying his petition for review until September 24, 2007, when his court-appointed appellate counsel provided him a copy of the order. (Opp'n at 7, citing Pet. at Ex. C.)

The Ninth Circuit has recognized that an attorney's "egregious conduct" may be grounds for equitable tolling. In Spitsyn, the court granted equitable tolling where retained counsel failed to file the federal habeas petition in a timely fashion, refused contact with petitioner and his mother, and failed to release petitioner's files and records until two months after the AEDPA statute of limitations had run. Id. However, the court noted that ordinary

1 attorney negligence, such as the miscalculation of the statute of limitations deadline, the
2 provision of misinformation regarding the deadline, or simple delay, will not constitute
3 extraordinary circumstances.  Id., 345 F.3d at 800.

4          Petitioner claims he did not receive a copy of the California Supreme Court's
5 denial of the petition for review, issued February 16, 2005, until it was provided to petitioner by
6 his appellate counsel on September 24, 2007.  However, the September 24, 2007 letter from
7 appellate counsel stated he enclosed a "copy of the Court of Appeal opinion as well as a copy of
8 the Supreme Court order denying review without prejudice to coming back in to raise future
9 Blakely developments."  (Pet., Ex. C.)  This letter does not state that it was the first time counsel
10 provided a copy of the denial to petitioner, nor does it state petitioner was unaware of the
11 February 16, 2005 denial.

12          Petitioner has not provided an affidavit or declaration stating what efforts he may
13 have taken to discover the status of the petition for review, or how it was he did not receive the
14 copy until September 24, 2007.[6]  Petitioner has not provided any returned mail notices or mail
15 logs confirming he did not receive a copy of the denial or that the copy he received on September
16 24, 2007 was the first time he had received such a copy.

17          Instead, petitioner relies on three cases whose facts are distinguishable from the
18 instant case:  Lewis v. Mitchell, 173 F.Supp.2d 1057 (C.D. Cal. 2001); Diaz v. Kelly, 515 F.3d
19 149 (2nd Cir. 2008) and Jenkins v. Johnson, 330 F.3d 1146, 1155 (9th Cir. 2003).  (Opp'n at 7.)
20 In Lewis, the petitioner provided evidence that the prison had returned his copy of the August 9,
21 2000 denial, which he discovered when he contacted the California Supreme Court on January
22 20, 2001 to inquire about the status of the habeas corpus petition.  Id. at 1062.  In Diaz, the
23 petitioner provided evidence that the Appellate Division did not send him notice of its June 6,
24 2000 order denying him leave to appeal, which the petitioner discovered when he inquired as to

---

26     [6] Petitioner's opposition is not signed under penalty of perjury.

7

1  the status of the case on December 15, 2000. Id. at 154. The petitioner provided postmarked
2  evidence in support of his claim. Id. In Jenkins, a new court employee failed to send Jenkins'
3  attorney a copy of the September 9, 1996 judgment which the attorney did not discover until
4  January 28, 1997. Id. at 1147. On the date the attorney discovered the judgment, he filed a
5  motion for leave to file a late notice of appeal. Id.

6  All three of the cases cited by petitioner provided petitioner with notice that
7  equitable tolling is available "'if extraordinary circumstances beyond a prisoner's control make it
8  impossible to file a petition on time.'" Lewis, 173 F.Supp.2d at 1061, quoting Miles v. Prunty,
9  187 F.3d 1104, 1107 (9th Cir. 1999) The Lewis court also cited:

> See Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir.2001)
> ("[A] prisoner's lack of knowledge that the state courts have
> reached a final resolution of [her] case can provide grounds for
> equitable tolling if the prisoner has acted diligently in the matter.");
> Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.2000) (per curiam)
> (A "delay in receiving notification [that petitioner's appeal has been
> denied] . . . could qualify for equitable tolling.").

Lewis, 173 F.Supp.2d at 1062. Here, petitioner has provided no evidence that he acted
diligently, either to contact counsel or the California Supreme Court to find out the status of his
petition for review.

Moreover, respondent has provided a copy of petitioner's incoming legal mail log.
(December 3, 2008 Reply, Lodged Documents ("Lodged Doc").) The mail log reflects that on
March 3, 2005, petitioner received incoming mail from his appellate counsel, employed by the
Central California Appellate Program. (Lodged Doc. 7.) The mail log reflects petitioner
received mail from the California Court of Appeal on March 2, 2005, which gives rise to an
inference that it was the remittitur docketed March 1, 2005. (Lodged Docs. 7 & 8.) The
remittitur was dated February 28, 2005, and notified petitioner that the opinion had now become
final. (Lodged Doc. 8.) These records belie petitioner's claim that he was unaware of the
California Supreme Court's denial of review until 31 months after it was issued.

/////

Thus, the court cannot find that petitioner is entitled to equitable tolling for an almost two year delay without evidentiary support. Petitioner has failed to demonstrate that "extraordinary circumstances" beyond his control entitle him to equitable tolling.

For all of the foregoing reasons, this action is barred by the statute of limitations. Accordingly, respondents' July 14, 2008 motion to dismiss should be granted.

IT IS HEREBY RECOMMENDED that:

1. Respondents' July 14, 2008 motion to dismiss be granted; and

2. This action be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2008.

UNITED STATES MAGISTRATE JUDGE

001; rami1055.mtd